IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

**MARCO LINSEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 06-07289    Mark Ward, Judge**

_____

**No. W2009-00282-CCA-R3-PC  - Filed April 15, 2010**

_____

The Petitioner, Marco Linsey, appeals as of right the Shelby County Criminal Court's denial of his petition for post-conviction relief challenging his guilty plea conviction for one count of child rape, a Class A felony.  On appeal, the Petitioner argues that he received the ineffective assistance of counsel and that counsel's ineffective assistance rendered his guilty pleas unknowing and involuntary.  After the appointment of counsel and a full evidentiary hearing, the post-conviction court found that the Petitioner failed to prove his allegations by clear and convincing evidence and denied the petition.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

David Christensen, Memphis,  Tennessee, attorney for appellant, Marco Linsey.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Thomas Hoover, Jr., Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

A Shelby County Grand Jury charged the Petitioner with child rape.  The offense involved acts committed against the Petitioner's eleven-year-old neighbor.  The victim alleged that the Petitioner came into her room through a window and raped her.  On March

26, 2007, the Petitioner pled guilty to one count of child rape. In exchange for his guilty plea, the Petitioner was sentenced as a mitigated offender to 13.5 years at 100%, the minimum sentence proscribed for the Class A felony conviction.

On March 3, 2008, the Petitioner filed a petition for post-conviction relief, and with the assistance of counsel, the Petitioner filed an amended petition for post-conviction relief on September 30, 2008. The Petitioner alleged that his guilty plea was involuntary and the result of ineffective assistance at trial. Specifically, he claimed that trial counsel failed to properly discuss the case with the Petitioner and that trial counsel failed to properly prepare the case for trial. He also claimed that trial counsel erroneously informed the Petitioner as to when he would be eligible for release and that if trial counsel had informed him, he would not have pled guilty.

The proof at the evidentiary hearing consisted solely of the testimony of the Petitioner and trial counsel. The Petitioner testified regarding trial counsel's performance. According to the Petitioner, he pled guilty because he believed that penetration was not a required element of child rape. The Petitioner claimed that he never received discovery documents from trial counsel and that trial counsel did not explain the facts of the case to him. Trial counsel told him that there was "no way [he] could win this trial" and that he needed to agree with everything the judge said at the guilty plea hearing because this was the best plea agreement he would receive.

The Petitioner also stated that he agreed to a sentence of 13.5 years to serve at 20% and that the judgment form appears to be altered. The Petitioner agreed that the trial judge declared in the plea colloquy that the sentence was 13.5 years to serve at 100%, but he argued that he thought the judge meant that 100% was the most he would have to serve and that the Tennessee Department of Correction would ultimately decide what percentage he would serve. He then stated that he would have pled guilty even if he had known that he would have to serve his sentence at 100% because he believed that penetration was not a required element of child rape. Therefore, his desire to plead guilty was not affected by the percentage of the sentence he would be required to serve.

On cross-examination, the Petitioner insisted that he told trial counsel that he did not rape the victim and that he gave trial counsel names regarding witnesses who had information. The Petitioner admitted that he did touch, kiss, and attempt to have sex with the victim, but he denied raping her. The Petitioner admitted that the trial judge told him that penetration was a required element of child rape, but the Petitioner stated that he was too scared to ask any questions.

Trial counsel testified that he has been practicing law for approximately twenty-five years and that 80% of his practice consists of criminal defense cases. Prior to the Petitioner's

preliminary hearing, trial counsel believed that the Petitioner may not be competent to stand trial. After the Petitioner was declared competent, trial counsel continued working on his case. He stated that he received discovery and that he discussed the case with the Petitioner.

According to trial counsel, the Petitioner never wanted to take his case to trial. However, the Petitioner had trouble understanding why he was guilty of child rape because he was not able to fully penetrate her vagina. Trial counsel explained to the Petitioner that any amount of penetration was sufficient for a conviction of child rape. Even though the Petitioner knew that the victim was eleven, the Petitioner was still confused as to why his actions amounted to rape because the victim consented to the act, was "provocative," and pursued him and others in the neighborhood. Trial counsel said that the Petitioner gave him the name of a potential witness to corroborate his story. The witness was the Petitioner's best friend, a fifteen-year-old boy. Trial counsel did not interview this witness because he did not believe that testimony from the Petitioner's fifteen-year-old best friend would be beneficial.

After having several discussions with the Petitioner, trial counsel began to pursue a defense of mental impairment. At some point, trial counsel spoke with the Petitioner's family and asked them if they had noticed a change in the Petitioner's behavior. All of the family members stated that they had not noticed any change in the Petitioner's behavior. Consequently, trial counsel concentrated his efforts on trying to get the best possible plea agreement for the Petitioner.

Trial counsel testified that, before the plea hearing, he did tell the Petitioner to answer the judge's questions with a "yes, sir" or "no, sir" because most of his clients do not know how to address a trial judge. He also stated that when he discussed the judgment form with the Petitioner, the form reflected that the Petitioner was to serve his sentence at 100%. Trial counsel admitted that the form appears to be altered, but he stated that the form was correct when he talked with the Petitioner.

On cross-examination, trial counsel admitted that there was no scientific evidence linking the Petitioner to the crime of child rape but that there was evidence that the victim was injured. Trial counsel admitted that the Petitioner stated that he could not penetrate the victim because she was a virgin. However, trial counsel insisted that there was penetration because the Defendant admitted that he was trying to have sex with the victim when he discovered that she was a virgin. Trial counsel admitted that he waived the preliminary hearing, but he stated that he discussed this with the Petitioner and that the Petitioner chose to waive the hearing in exchange for a reduction in bond.

Following the evidentiary hearing, the post-conviction court found that the Petitioner failed to prove by clear and convincing evidence that trial counsel did not adequately investigate and prepare the case. The post-conviction court found that trial counsel and the

trial court advised the Petitioner that he would serve his sentence at 100%. Moreover, the Petitioner testified that he would have pled guilty even if he had known of the 100% requirement; therefore, the Petitioner did not prove that he was prejudiced by the alleged error. The post-conviction court further found that the Petitioner did not prove that trial counsel told him that penetration was not a required element of child rape. The post-conviction court also noted that the Petitioner did not raise this issue in the pleadings.

## ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the petitioner must prove (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The Petitioner asserts that trial counsel was deficient in advising the Petitioner that he would serve the child rape conviction at 20% and that the Petitioner pled guilty because he believed that he would only have to serve 20% of his sentence before he would be eligible for parole. The Petitioner also argues that he conditioned his acceptance of the plea agreement on the erroneous belief that penetration was not an element of child rape. The

State argues that the Petitioner failed to prove that counsel erroneously advised him that he would serve his sentence at 20%. The State also contends that the Petitioner's argument that counsel was deficient in stating that penetration was not a required element of child rape is waived for failure to include it in the pleadings.

In spite of his initial assertion that counsel misinformed him regarding his release eligibility, the Petitioner stated multiple times in the post-conviction hearing that he would have pled guilty even if he had known that he would have to serve 100% of his sentence because he believed that penetration was not a required element of child rape. Consequently, even if the Petitioner was misled as to the percentage requirement, he has failed to prove that he would have insisted on going to trial if he had known that he would have to serve his sentence at 100%. Furthermore, the guilty plea acceptance and waiver form, signed by the Petitioner, clearly indicates that the Petitioner would serve 100% of his sentence - as does the judgment of conviction, which was also signed by the Petitioner.

The real issue here is whether trial counsel erroneously instructed the Petitioner that penetration is not a required element of child rape. We must first note that the issue of penetration was alluded to in the Petitioner's pro se petition for post-conviction relief. Therefore, this issue is not waived, and we will review the merits of his claim.

The Petitioner admitted in the post-conviction hearing that he attempted to have sex with the victim. Trial counsel testified that the Petitioner told him that he attempted to have sex with the victim but that he was unable to fully penetrate her vagina because she was a virgin. Trial counsel also stated that he told the Petitioner that any amount of penetration was sufficient for child rape. There is no showing that trial counsel's advice was deficient in any way. Accordingly, we conclude that the record supports the post-conviction court's finding that the Petitioner failed to prove by clear and convincing evidence that trial counsel instructed the Petitioner that penetration was not a required element of child rape.

CONCLUSION

-5-

In consideration of the foregoing, the judgment of the post-conviction court denying the petition for post-conviction relief is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE